By the Court,
Hitchcock, Judge.
Two questions are raised by the pleadings in this case. 1st. Whether a certificate by a commissioner of insolvents under the seventh section of the act for the relief of insolvent debtors, operates to discharge a person, who has been previously imprisoned and admitted to the jail limits, from such imprisonment ?
2nd. Whether, where a person thus imprisoned, remains within the limits until- his application for the benefit of the act shall have been heard by the court of Common Pleas, and dismissed, and afterward escapes, his sureties can be made liable upon the prison bounds law ?
The condition of this bond as prescribed by law is, that the prisoner shall continue “ in the custody of the jailor, within the limits of said * prison bounds, until legally discharged.” If the prisoner is discharged by the act of his creditors, or by the act of the law, the condition of the bond is saved, and his sureties can not be made liable.
The act for the relief of insolvent debtors, in the seventh and eighth sections, provides for two distinct classes of insolvents. The seventh section refers to persons who shall have resided in the state two years, and in the particular county in which the application is made for the benefit of the act, for six months next preceding such application. 29 O. L. 330. Such person, being desirous of having his body exempted from imprisonment, may at any time make his application to the commissioner of insolvents. The eighth section, refers to any person *99 who “ shall be arrested or be in custody of any sheriff or other officer, on mesne on final process, in any civil action,” whether such person be a resident of the state or not. Such person, being so arrested, may apply to the commissioner of insolvents, for the benefit of the act, and it is made the duty of the officer having him in custody, to take him before the commissioner for this purpose.
In the sections which follow, to the twentieth, the mode of proceeding before the commissioners is pointed out, varying in some few particulars, in consequence of the application having been made under the seventh or eighth section. It is unnecessary, however, in the present case, to have any reference to these variations.
In the twentieth section it is provided,that when any person shall apply to the commissioner, and shall have complied with the foregoing provisions of this act, the commissioner shall give to the applicant a certificate of his having so complied : and it shall be specified in the certificate, whether such application was made pursuant to the seventh or eighth section of this act.” In the twenty-first section, the effect ■of this certificate is declared. It “ shall protect the person of the applicant from a.rrest or imprisonment, for any debt or demand in any civil action, at the suit of any person named in his schedule, until the second day of that term of the court of Common Pleas to which the commissioner shall return copies as herein after provided.”
It will be seen that although it is the duty of the commissioner to ■certify whether the proceedings were under the seventh or eighth sections of the act, still the effect of the certificate is the same in either case. That effect is to “ protect the person of the applicant from arrest or imprisonment.” Is a person upon the prison limits, imprisoned ? The condition of his bond, according to the act regulating prison bounds, is, that he shall continue in the “ custody of the ^jailor,” 29 O. L. 340, and in law, the prison bounds are but an extension of the walls of the prison. As the effect of the commissioner’s certificate is to protect him for a limited time at least, “ from imprisonment,” and inasmuch as at the time the certificate is issued, he is already imprisoned, it would seem that the law must he so construed, as that the effect of the certificate would be to discharge him from such imprisonment.
If there is any doubt as to the propriety of this construction, such doubt must be removed by a further examination of the act. From the twenty-first to the thirty-fourth section, further duties are imposed -upon the commissioner and upon the insolvent, and the course of pro *100 ceedi'ng in the court of Common Pleas is prescribed. By the thirty-fourth section, that court is authorized, upon final hearing, to grant tor-the applicant a certificate, which certificate, according to the thirty-sixth section, “ Shall protect the person of such petitioner forever after,, from, arrest or imprisonment, for any civil action, debt or demand, named in the schedule of his debts, made before the commissioner” in the manner previously provided in the act. And this section further provides, that if any sheriff or other officer, shall arrest any person having been so discharged by the court, such officer having'knowledge of such discharge, and that the person so arrested has a certificate, so" granted him by the court, or shall refuse to discharge the person so arrested, out of his custody, as soon as such certificate shall be produced and shown to him,” the officer so offending shall be deemed-guilty of a trespass, and shall be liable to an action at the suit of the party injured. It would be defeating the obvious intention of the law, to hold, that this final certificate, Would not operate to discharge a-debtor already imprisoned from that imprisonment, nor do I understand the counsel for the plaintiff as contending that it would not have* this effect. It' will be seen, that there is no difference in the law as to* the effect of this final certificate and the commissioner’s certificate, except that the first operates “ to protect from arrest and imprisonment,” forever after it is granted, while the latter protects “ from arrest* and imprisonment,” only for a limited period.
It is unnecessary, however, to rely alone upon construction. In the* twenty-second section of the act, it is expressly provided, that when the insolvent shall produce the certificate of the commissioner “ to any* officer in whose custody he may be, or who shall have civil process-against him, the officer shall forthwith discharge him out of his custody.”
*The next question raised by the pleadings is whether, where a-person remains within the prison limits after he has received the commissioner’s certificate, and until his application has been heard and dismissed by the court, and afterward escapes, his sureties can be made liable upon their bond. The condition of the bond is, that the principal “ shall remain in the custody of the jailor, within the limits of' said prison bounds, until legally discharged.” The certificate operates as such legal discharge, and after it is granted, the jailor has no right longer to detain him in custody. And the debtor being legally discharged, the condition of the bond is saved. That the application is fraudulent, and on that ground dismissed, can make no difference with- *101 the sureties. That the debtor chose to remain within the limits of the prison while his application was pending, can not affect their rights. Having been once “ legally discharged,” they must be protected from .all liability on the bond.
The replication is insufficient, and the demurrer must be sustained.
Judgment for defendants.